IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff/Respondent,<br><br>vs.<br><br>Hector Lucero-Gonzalez,<br><br>    Defendant/Movant. | No.   CIV 07-2435-PHX-SRB (DKD)<br>No.   CR 07-0114-PHX-SRB<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

Hector Lucero-Gonzalez has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255. In his motion, he asserts four claims of ineffective assistance of counsel. The Government alleges that the motion should be summarily dismissed because Lucero-Gonzalez knowingly and voluntarily waived his right to collaterally attack his sentence as part of the plea agreement. For the reasons stated below, the Court recommends that the motion be denied.

On August 13, 2007, Lucero-Gonzalez entered a plea of guilty to Illegal Re-entry after Deportation in violation of 8 U.S.C. § 1326(a), enhanced by subsection (b)(2), and was sentenced to 84 months in prison followed by three years of supervised release. The plea agreement provided in part as follows:

> Defendant waives any and all motions, defenses, probable cause determinations, and objections which defendant could assert to the information or indictment, or to the court's entry of judgment against defendant and imposition of sentence upon defendant, provided that the sentence is consistent with this agreement. *Defendant further waives*: (1) any right to appeal the court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and *(3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack defendant might file challenging his conviction or sentence in this case.*

(Doc. #24 at 4) (emphasis added).

Courts will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face, *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000), and the waiver is knowingly and voluntarily made. *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004). However, "a plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly." *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The Court finds upon a review of both the change of plea proceedings and the sentencing hearing that Lucero-Gonzalez knowingly and voluntarily waived his right to file a § 2255 motion as part of his plea agreement.

However, the Ninth Circuit has expressed doubt that a defendant, by entering into a plea agreement, could waive certain claims of ineffective assistance of counsel brought pursuant to a § 2255 motion, notwithstanding an express plea waiver that covered all of a defendant's waivable statutory rights to file a motion pursuant to § 2255 challenging his conviction or sentence. However, those claims which are not waivable are limited to ones either challenging the knowing and voluntary nature of the plea agreement, or the voluntariness of the waiver itself. *See United States v. Jeronimo*, 398 F.3d 1149, 1156-57 n.4 (9th Cir. 2005), *citing United States v. Pruitt*, 32 F.3d at 433.

In his motion, Lucero-Gonzalez alleges the following claims of ineffective assistance of counsel: (1) counsel failed to file a motion for downward departure or consider any factors which might have entitled him to a downward departure under § 3553; (2) counsel

1 advised Lucero-Gonzalez that his criminal history warranted a sentencing range of 51-63
2 months, and that sentencing range was the reason he agreed to enter the plea; (3) the
3 presentence report revealed a criminal history higher than what counsel had indicated; and
4 (4) counsel failed to object to the presentence report. Assuming that his claim that counsel
5 mischaracterized his criminal history has not been waived, because it may imply an argument
6 that his plea was not voluntary, it fails on the merits. Even assuming that counsel
7 mischaracterized his criminal history, Lucero-Gonzalez suffered no prejudice because the
8 other alternatives available to him, pleading to the indictment or going to trial, would have
9 exposed him to a higher sentencing range. Concerning the remaining claims, because
10 Lucero-Gonzalez is not challenging the voluntary nature of the plea agreement, or the
11 voluntariness of the waiver itself, but instead is arguing that counsel failed to argue for a
12 downward departure, and failed to object to the presentence report, the Court finds that these
13 claims of ineffective assistance of counsel have been waived by the explicit terms of the plea
14 agreement.

15 **IT IS THEREFORE RECOMMENDED** that Hector Lucero-Gonzalez's Motion
16 to Vacate, Set Aside, or Correct Sentence **be denied** (Doc. #34).

17 This recommendation is not an order that is immediately appealable to the Ninth
18 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
19 Appellate Procedure, should not be filed until entry of the district court's judgment. The
20 parties shall have ten days from the date of service of a copy of this recommendation within
21 which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules
22 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within
23 which to file a response to the objections. Failure timely to file objections to the Magistrate
24 Judge's Report and Recommendation may result in the acceptance of the Report and
25 Recommendation by the district court without further review. *See United States v. Reyna-*
26 *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual
27 determinations of the Magistrate Judge will be considered a waiver of a party's right to
28

1  appellate review of the findings of fact in an order or judgment entered pursuant to the
2  Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.
3        DATED this 20th day of June, 2008.

                                                  David K. Duncan
                                        United States Magistrate Judge